UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TIMOTHY D. LAURENT,                              MEMORANDUM DECISION
on behalf of himself and on behalf of all                  AND ORDER
others similarly situated,                              06 CV 2280 (GBD)

                      Plaintiffs,

   -against-

PRICEWATERHOUSECOOPER LLP, *et al.*,

                      Defendant.
------------------------------------------------------------x
GEORGE B. DANIELS:

      This action was originally assigned to Judge Michael B. Mukasey. Before this action was reassigned to this Court, Judge Mukasey decided defendants' motion to dismiss the amended complaint. In an Opinion and Order, dated September 5, 2006, Judge Mukasey denied the motion to dismiss the first claim, but granted the motion as to the three remaining causes of action. Defendants now moves for reconsideration of the September 5th Order denying their motion to dismiss count one of the amended complaint, or in the alternative, certifying that portion of the Order for interlocutory review pursuant to 28 U.S.C. § 1292(b). The motion for reconsideration is denied. Certification of Judge Mukasey's entire Order for immediate appeal is granted.

      The standard for granting reconsideration is strict, and such relief is generally appropriate only where the movant identifies a controlling decision or factual matters which was overlooked by the Court and which might reasonably be expected to alter the Court's decision. <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration should be denied where the movant simply seeks to relitigate an issue already decided by the Court. <u>Shrader</u>, 70 F.3d at 257. Defendants merely present the same arguments and essentially the same legal authorities they

raised in support of their motion to dismiss, which were fully considered and rejected by Judge MuKasey.  Accordingly, defendants' motion for reconsideration is denied.[1]

Defendants alternatively seek certification, for immediate appellate review, of that portion of Judge Mukasey's Order denying the motion to dismiss claim one.  Plaintiffs oppose that application on the grounds that it would result in piecemeal litigation.  Despite their aversion to piecemeal litigation, plaintiffs "suggest that it would make sense to certify [Judge Mukasey's dismissal of] the three [other] counts for immediate appeal," while litigation, as to count one, continues before this Court.  (Pls.' Opp'g Mem. at 22).  However, "Plaintiffs would not oppose the Court's certification of Counts Two, Three and Four, or of the entire case."  (Id.).  "[D]efendants agree that the most efficient way to resolve this litigation is for the Court of Appeals to review Judge Mukasey's decision in its entirety, including the dismissal of Counts Two, Three, and Four."  (Defts.' Reply Mem. at 15).

As the parties correctly note, Judge Mukasey's Order involves controlling questions of law to which there exists substantial grounds for difference of opinion.  Since an immediate appeal from that Order will materially advance the ultimate termination of the litigation, certification is warranted as to Judge Mukasey's entire Order.  See, 28 U.S.C. § 1292(b).

Accordingly, defendants' motion for reconsideration is denied.  The application seeking certification for interlocutory review is granted as to all portions of Judge Mukasey's September 5th Order.

---

[1] Defendants contend the Judge Mukasey's ruling was based on an argument not raised by the parties and, as a result, defendants were deprived of a fair opportunity to argue the merits of the issue.  Since this was not the sole ground upon which Judge MuKasey premised his ruling, reconsideration is unwarranted.

Dated: New York, New York
      August 16, 2007

SO ORDERED:

_____
GEORGE B. DANIELS
United States District Judge