UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TIMOTHY D. LAURENT, *et al.*, ,                                    ORDER
                            Plaintiffs,                            06 CV 2280 (GBD)

         -against-

PRICEWATERHOUSECOOPERS LLP, *et al.*,
                            Defendants.
------------------------------------------------------------------x
GEORGE B. DANIELS, District Judge:

       Plaintiffs moved, pursuant to Fed.R.Civ.P. 56(f), for an order refusing defendants' application for summary judgment on the grounds that plaintiffs lack the discovery necessary to oppose the motion.[1] Plaintiffs filed their Rule 56(f) motion simultaneously with their filing of a twenty-five page opposition memorandum (with an additional seventeen pages of attached exhibits) substantively opposing the merits of defendants' summary judgment motion.[2]

       "[A] party's failure to seek discovery under Rule 56(f) before responding to a summary judgment motion is 'itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" New York State Teamsters Conference Pension & Ret. Fund v. Express Servs., Inc., 426 F.3d 640, 648 (2d Cir. 2005) (*quoting* Williams v. R.H. Donnelley Corp., 368 F.3d 123, 126 n.1 (2d Cir. 2004)). Plaintiffs have failed to make the requisite showing that "it cannot present facts essential to justify its opposition." See, Fed.R.Civ.P. 56(f). On the contrary, plaintiffs maintain that "[t]he facts the Court needs to deny [defendants'] motion are

---

[1] Plaintiffs seek "an order refusing Defendants' application for judgment or granting a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had ..." (Pls.' Notice of Rule 56(f) Mot.).

[2] Plaintiffs further state that their Rule 56(f) motion is made for "the reasons stated in Part III of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment[.]" (Pls.' Notice of Rule 56(f) Mot.).

few and undisputed[.]" (Pls.' Am. Mem. Opp'n Summ. J. 2). Plaintiffs argue that "if the correct substantive legal standard were applied, Plaintiffs ha[ve] no need for discovery to oppose [defendants'] motion", but "if the Court were <u>undecided</u> as to the correct standard, discovery would assist Plaintiffs show (*sic*) the Court that Defendants were wrong[.]" (Pls.' Reply Mem. Supp. Rule 56(f) Mot. 2, 3) (emphasis in original). Plaintiffs pray that "if the Court does not deny [defendants'] motion on the merits, the instant motion should be granted." (<u>Id</u>. at 10). The employment of such alternative motion practice, by the plaintiffs, is improper.

Accordingly, plaintiffs' motion, pursuant to Fed.R.Civ.P. 56(f), is denied.

Dated: New York, New York
March 27, 2009

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

2