UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIMOTHY D. LAURENT, *et al.*,
Plaintiffs,

-v-

PRICEWATERHOUSECOOPERS LLP, *et al.*,
Defendants.

06 Civ. 2280 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiffs seek to bring a class action against their former employer, Defendant PricewaterhouseCoopers ("PwC" ), for failure to comply with the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (2000). After litigating several prior motions to dismiss and motions for reconsideration, Defendants now move to certify for interlocutory review the Court's Order denying Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint. For the reasons that follow, the Court grants that motion and certifies its previous Order, *Laurent v. PriceWaterhouseCoopers LLP*, 06 Civ. 2280 (JPO), 2013 WL 4028181 (S.D.N.Y. Aug. 8, 2013) (*Laurent IV*), for interlocutory review.

## I. Legal Standard

Interlocutory review "is a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). Under 28 U.S.C. § 1292(b), the district court may certify orders for interlocutory review when the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the

order may materially advance the ultimate termination of the litigation." Additionally, certification is appropriate only when a case presents exceptional circumstances warranting interlocutory review. *See In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (noting that the Second Circuit has "repeatedly cautioned" that "only exceptional circumstances will justify" interlocutory review); *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir. 1990) ("[I]t continues to be true that only 'exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'") (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)).

Although the statutory elements and the "exceptional circumstances" standard provide some guidance on the issue, district courts have broad discretion to determine whether to certify an order for interlocutory review. *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995) ("Congress . . . confer[ed] on district courts first line discretion to allow interlocutory appeals."); *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 162 (E.D.N.Y. 1999) ("The legislative history, congressional design and case law indicate that district court judges retain unfettered discretion to deny certification of an order for interlocutory appeal even where the three legislative criteria of section 1292(b) appear to be met.").

## II. Discussion[1]

The first requirement of Section 1292 is that an order presented for certification must "involve[] a controlling question of law." As a preliminary matter, the question presented for certification must be a question of law and not fact. The Court's Order, which interpreted

[1] Familiarity with the facts and issues discussed in the contested Order is assumed.

ERISA to determine whether "normal retirement age" may be defined as five years of service, hinged on statutory interpretation —a quintessentially legal determination. Furthermore, "a question of law is 'controlling' if reversal of the district court's order would terminate the action." *Klinghoffer*, 921 F.2d at 24 (2d Cir. 1990). Reversal of this Court's Order, which preserved three of Plaintiffs' claims on a Motion to Dismiss, would terminate this action. Finally, while legal questions are not controlling if Plaintiffs have independent and alternative grounds for pursuing their claims, *see California Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 95-96 (2d Cir. 2004), in this case, the possibility of reviving a claim that was dismissed seven years ago does not constitute viable alternative grounds. Therefore, the legal questions that were addressed in this Court's Order are controlling and fit for certification.

Second, Section 1292 requires "substantial ground for difference of opinion" regarding the controlling question of law. ERISA grants employers some discretion to define "normal retirement age."[2] The limits of this discretion are contested and have produced differences of opinion among the courts of appeals. The Order, for example, distinguishes a Seventh Circuit decision, *Fry v. Exelon Corp. Cash Balance Pension Plan*, 571 F.3d 644, (7th Cir. 2009), which adopts a different interpretation of the relevant portions of ERISA. Furthermore, the Fourth Circuit case *McCorkle v. Bank of America*, 688 F.3d 164 (4th Cir. 2012), *cert. denied*, 133 S. Ct. 1253 (2013), contains dicta adopting the Seventh Circuit's reasoning in *Fry* and differs with the result reached by this Court. Having thoroughly examined ERISA's text and purpose in its

---

[2] *See, e.g.*, ERISA §3(24)(A), *codified at* 29 U.S.C. § 1002 (24)(A) (defining "normal retirement age" loosely as "the time a plan participant attains normal retirement age under the plan").

Order, the Court is of the opinion that the definition of "normal retirement age" contains ambiguity and substantial grounds for difference of opinion.

Third, Section 1292 requires circumstances in which "an immediate appeal from the order may materially advance the ultimate termination of the litigation." In this case, a successful appeal would immediately terminate the litigation. Furthermore, litigation of the remaining issues would continue before the district court during the pendency of this appeal, if granted. This dual-track process ensures that interlocutory appeal may materially advance, but in any event will not further delay, the ultimate termination of this case.

Finally, the Court looks to whether this case presents exceptional circumstances warranting interlocutory review. In a Second Circuit opinion reviewing the "types of cases [the House Committee on the Judiciary] thought appropriate for interlocutory appeals," the Circuit began the list with cases "where a lengthy accounting is required upon finding liability under a contract." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 866 (2d Cir. 1996) (citing H. Rep. No. 85-1667, at 1-2 (1958)). This case, which requires a complex accounting of "whipsaw" damages, squarely presents circumstances that the Second Circuit and House Committee have determined warrant interlocutory review.

Although the Second Circuit declined to review Judge Mukasey's Order on an earlier motion to dismiss, *Laurent v. PriceWaterhouseCoopers LLP*, 448 F. Supp. 2d 537, 541 (S.D.N.Y. 2006) (*Laurent I*), which was also certified for interlocutory review, *Laurent v. PriceWaterhouseCooper LLP*, 06 Civ. 2280 (GBD), 2007 WL 2363616 (S.D.N.Y. Aug. 17, 2007) (*Laurent II*), the emergence of possibly contradictory law in the Fourth and Seventh Circuits presents a new argument in favor of reviewing the August 8, 2013 Order (*Laurent IV*).

## III. Conclusion

For the foregoing reasons, this Court's Aug. 8, 2013 Order, denying PwC's motion to dismiss with respect to counts one, five, and six of Plaintiffs' Second Amended Complaint, is hereby certified for interlocutory review.

The Clerk of the Court is directed to close the motion at docket number 154.

SO ORDERED.

Dated: New York, New York
January 22, 2014

J. PAUL OETKEN
United States District Judge