UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIMOTHY LAURENT, *et al.*,

                        Plaintiffs,

-v-

PRICEWATERHOUSECOOPERS LLP, *et al.*,

                        Defendants.

06-CV-2280 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

        Plaintiffs Timothy Laurent and Smeeta Sharon brought this action, on behalf of themselves and all others similarly situated, against Defendants PricewaterhouseCoopers LLP, the Retirement Benefit Accumulation Plan for Employees of Pricewaterhouse Coopers LLP, and the Administrative Committee to the Retirement Benefit Accumulation Plan for Employees of Pricewaterhouse Coopers LLP (collectively, "PwC"). Plaintiffs allege that PwC violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*

        In an Opinion and Order dated July 24, 2017, this Court granted PwC's motion for judgment on the pleadings and denied Plaintiffs' motion for summary judgment. *See Laurent v. PricewaterhouseCoopers LLP*, No. 06 Civ. 2280, 2017 WL 3142067 (S.D.N.Y. July 24, 2017). Familiarity with the facts, as set out in that prior Opinion and Order, is presumed. Plaintiffs move for reconsideration. (Dkt. No. 240.) For the reasons that follow, the motion is denied.

**I.    Legal Standard**

        "A motion for reconsideration is 'an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources. . . .'" *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (quoting *In re Initial Public Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005)). To prevail, the movant must

demonstrate either "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." *Jacob v. Duane Reade, Inc.*, 293 F.R.D. 578, 580–81 (S.D.N.Y. 2013) (quoting *Drapkin*, 818 F. Supp. 2d at 696 (S.D.N.Y. 2011)); *see also Cioce v. County of Westchester*, 128 Fed. App'x 181, 185 (2d Cir. 2005) ("Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003)).

## II. Discussion

Having reviewed the record and the parties' briefs, the Court concludes that it overlooked neither a controlling issue of law nor a crucial fact in the record. Thus, none of Plaintiffs' arguments warrants reconsideration.

First, Plaintiffs contend that the Second Circuit's mandate in *Laurent v. PricewaterhouseCoopers LLP*, 794 F.3d 272 (2d Cir. 2015), foreclosed this Court's conclusion that this suit was not authorized by ERISA § 502(a)(3). (Dkt. No. 241 at 3, 5.) Relatedly, Plaintiffs argue that PwC waived any argument that § 502(a)(3) does not authorize their action by failing to present that argument to the Second Circuit. (*Id.* at 10.) This Court already considered and rejected these two procedural arguments. (*See* Dkt. No. 238 at 30; Dkt. No. 212 at 2–3.) Reconsideration is not warranted because Plaintiffs identify neither an intervening change in controlling law, any new evidence, nor the need to correct clear error or prevent manifest injustice. *See Jacob*, 293 F.R.D. at 580–81.

Having rejected Plaintiffs' procedural arguments, the Court now turns to their substantive arguments. First, Plaintiffs argue that the Court's decision is contrary to *Esden v. Bank of Boston*, in which the Second Circuit explained that ERISA "permits plan participants whose

2

rights are violated by the terms of a plan (or a plan amendment) to recover benefits." 229 F.3d 154, 176 (2d Cir. 2000) (quoting Hearings on Hybrid Pension Plans Before the Senate Comm. on Health, Education, Labor and Pensions, 106 Cong. (1999) (prepared testimony of Stuart Brown, Chief Counsel, IRS)). *Esden*, however, is wholly consistent with this Court's opinion: ERISA "created substantive rights for pension plan participants and expressly created private causes of action in federal court to vindicate those rights." *Id.* at 177 (citing ERISA § 502(a), which sets out private rights of action under the statute). In order to vindicate a substantive right under ERISA, a plaintiff's action must be authorized by § 502(a), as *Esden* clearly recognized. Here, the Court simply concluded that § 502(a) does not authorize the form of relief that Plaintiffs seek. "Although [Plaintiffs] might well be left without an appropriate remedy as a result of this decision," the Court remains convinced that their claims are "legal, not equitable, and therefore may not be brought under § 502(a)(3)." *See Cent. States, Se. & Sw. Areas Health & Welfare Fund v. Gerber Life Ins. Co.*, 771 F.3d 150, 159–60 (2d Cir. 2014).[1]

Second, Plaintiffs contend that the "structure" of ERISA "compel[s] the conclusion" that § 502(a)(3) authorizes them to bring an action to enforce its substantive vesting requirements. (Dkt. No. 241 at 19.) *Central States* confirms, however, that Plaintiffs' structural and purposive arguments, like their *Esden* argument, ultimately lack merit (even if there is some intuitive appeal to the idea that ERISA should not be interpreted to leave beneficiaries without remedies for statutory violations). In *Central States*, the Second Circuit rejected the idea that "the underlying purposes of ERISA and of equitable relief generally would permit a court to fashion an appropriate remedy." 771 F.3d at 159 (2d Cir. 2014); *see also id.* at 158 (recognizing that

---

[1] Plaintiffs do not challenge the Court's determination that they do not have a cognizable claim under ERISA § 502(a)(1)(B) for benefits. (Dkt. No. 241 at 1.)

3

"[c]ommentators have repeatedly noted that as a result of this case law ERISA plans and beneficiaries are, in some circumstances, deprived of remedies").

Finally, Plaintiffs request reconsideration of the Court's conclusion that the relief they seek does not qualify as "appropriate equitable relief" under ERISA §502(a)(3). Plaintiffs identify two varieties of equitable relief, which they claim they are authorized to pursue under § 502(a)(3): (1) an "injunction" requiring the plan administrator to "deviate from the plan's unlawful terms"; and (2) "equitable surcharge." (Dkt. No. 243 at 6–7.)

As to Plaintiffs' request for "injunctive relief," they identify no precedent or authority authorizing a federal court to enjoin a plan administrator to "comply with the [ERISA] statute." (Dkt. No. 241 at 18.) Contrary to their argument, the Supreme Court's *Great-West* decision does not stand for the proposition that § 502(a)(3) authorizes an injunction to enforce a federal statute: that case merely noted, in the course of holding that § 502(a)(3) does *not* authorize specific performance of a contract, that the "*Administrative Procedure Act . . . does not bar a State from seeking specific relief to obtain money to which it claims entitlement under the federal Medicaid statute.*" *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 212 (2002) (emphasis added) (citing *Bowen v. Massachusetts*, 487 U.S. 879 (1988)). Neither *Great-West* nor *Bowen* has any bearing on whether a plaintiff may enjoin compliance with *ERISA* under § 502(a)(3).

Plaintiffs' overly broad conception of the injunctive relief available under § 502(a)(3) is also difficult to square with the Supreme Court's warning that "appropriate equitable relief" cannot be interpreted to mean "all relief available for breach of trust" in the common-law courts of equity. *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 257–58 (1993) ("Since *all* relief available for breach of trust could be obtained from a court of equity, limiting the sort of relief obtainable under § 502(a)(3) to 'equitable relief' in the sense of 'whatever relief a common-law court of

4

equity could provide in such a case' would limit the relief *not at all*," rendering the modifier "appropriate" superfluous.)  This inconsistency between Supreme Court precedent and Plaintiffs' argument is especially clear insofar as they claim that trust law principles permit the Court to enjoin the Plan Administrator, as a trustee, to "deviate from" the "terms of the trust." (Dkt. No. 243 at 6).  The mere fact that Plaintiffs seek relief against a trustee does not, by itself, transmogrify legal relief into appropriate equitable relief under ERISA.

Regarding the final, alternative equitable remedy sought by Plaintiffs, § 502(a)(3) does authorize actions for "equitable surcharge."  *See, e.g.*, *CIGNA Corp. v. Amara*, 563 U.S. 421, 442 (2011); *Osberg v. Foot Locker, Inc.*, 555 F. App'x 77, 80 (2d Cir. 2014).  Nonetheless, Plaintiffs fail to meet their "initial burden" to establish the elements of a claim for that equitable remedy, namely: (1) a breach of fiduciary duty that (2) caused them to "suffer[] a 'related loss.'" *Amara v. CIGNA Corp.*, 925 F. Supp. 2d 242, 258 (D. Conn. 2012), *aff'd*, 775 F.3d 510 (2d Cir. 2014).

As the Court explained in its original opinion, Plaintiffs have failed to identify any breach of fiduciary duty by PwC, and this failure precludes them from seeking an equitable surcharge. *See Laurent*, 2017 WL 3142067, at *8.  Plaintiffs claim that the Court overlooked *New York State Psychiatric Ass'n, Inc. v. UnitedHealth Group.*, 798 F.3d 125 (2d Cir. 2015), which cited *Kendall v. Employees Retirement Plan of Avon Products*, 561 F.3d 112, 120 (2d Cir. 2009), for the proposition that "[t]he statute . . . impose[s] a general fiduciary duty to comply with ERISA." *New York State Psychiatric Ass'n*, 798 F.3d at 131 (second alteration added).  Plaintiffs argue that PWC breached this "general fiduciary duty" to comply with ERISA, and that this breach entitles them to the remedy of equitable surcharge. (Dkt. No. 241 at 21.)

The Court disagrees with the notion that ERISA imposes a general fiduciary duty on a plan administrator to comply with each and every provision in the statute.  First, the *Kendall*

quote is taken out of context. *Kendall* is about Article III standing, not the proper interpretation of § 502(a)(3). In the course of concluding that the plaintiff lacked standing to bring certain ERISA claims, the Second Circuit explained that "[t]he statute does impose a general fiduciary duty to comply with ERISA, but it does not confer a right to every plan participant to sue the plan fiduciary for alleged ERISA violations without a showing that they were injured by the alleged breach of the duty." *Kendall*, 561 F.3d at 120. The Court does not read *Kendall* to hold that a plan administrator breaches his fiduciary duty whenever he fails to depart from a term of the plan—such as the whipsaw projection rate and nonretirement-age terms at issue here—which conflict with an ERISA provision.

Instead, the Court agrees with Judge Garaufis's conclusion that "[t]rustees do not breach their fiduciary duties under ERISA simply by presiding over a plan which fails in some respect to conform to one of ERISA's myriad provisions." *Cement & Concrete Workers Dist. Council Pension Fund v. Ulico Cas. Co.*, 387 F. Supp. 2d 175, 184 (E.D.N.Y. 2005), *aff'd*, 199 F. App'x 29 (2d Cir. 2006). Consistent with this Court's previous opinion, "a trustee breaches an ERISA fiduciary duty only where, when acting as a fiduciary within the meaning of ERISA § 3(21)(A) . . . , the trustee fails to discharge one or more of the duties described in 29 U.S.C. § 1104." *Id.* at 184. Here, Plaintiffs have failed to adequately allege such a breach. Therefore, their claim for equitable surcharge under § 502(a)(3) fails.

## III. Conclusion

For the foregoing reasons, Plaintiffs' motion for reconsideration (Dkt. No. 240) is DENIED.

As counsel for Plaintiffs acknowledged during oral argument, the conclusion reached by the Court resolves all remaining claims asserted in this action.[2] Accordingly, the Second Amended Complaint is dismissed with prejudice.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: January 19, 2018
New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[2] *See* Dkt. No. 238 at 52 ("Effectively, your Honor, that would be – I agree with my colleague – that would be the end of the case. We're not saying that they committed fraud in connection with the projection. . . . So that would be the end.").

7