UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIMOTHY D. LAURENT, *et al.*,
                    Plaintiffs,

-v-

PRICEWATERHOUSECOOPERS LLP, *et al.*,
                    Defendants.

06-CV-2280 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

    Plaintiffs Timothy Laurent and Smeeta Sharon brought this action, on behalf of themselves and all others similarly situated, against Defendants PricewaterhouseCoopers LLP, the Retirement Benefit Accumulation Plan for Employees of PricewaterhouseCoopers LLP, and the Administrative Committee to the Retirement Benefit Accumulation Plan for Employees of PricewaterhouseCoopers LLP (collectively, "PwC"). Plaintiffs allege that PwC violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

    In an Opinion and Order dated July 24, 2017, this Court granted PwC's motion for judgment on the pleadings and denied Plaintiffs' motion for summary judgment. *See Laurent v. PricewaterhouseCoopers LLP* ("*Laurent II*"), No. 06 Civ. 2280, 2017 WL 3142067 (S.D.N.Y. July 24, 2017). Plaintiffs moved for reconsideration, and that motion was denied on January 19, 2018 (*see* Dkt. No. 244.). The Clerk of Court subsequently entered judgment against Plaintiffs (*see* Dkt. No. 245). On February 5, 2018, Plaintiffs moved, pursuant to Federal Rules of Civil Procedure 60(a) and 60(b), for clarification or modification of the Court's order denying reconsideration. (*See* Dkt. No. 246.) For the reasons that follow, the motion is denied.

1

**I.     Legal Standard**

"Rule 60(a) allows for the correction of clerical mistakes, oversights, and omissions in order to 'implement the result intended by the court at the time [an] order was entered.'" *Weiming Chen v. Ying-Jeou Ma*, 595 F. App'x 79, 80 (2d Cir. 2015) (alteration in original) (quoting *Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 150 (2d Cir. 1999)). "However, a court acting pursuant to Rule 60(a) may not make 'changes that alter the original meaning [of an order] to correct a legal or factual error.'" *Id.* (alteration in original) (quoting *Rezzonico*, 182 F.3d at 151).

"Rule 60(b) is 'a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances.'" *Id.* (quoting *Ruotolo v. City of New York,* 514 F.3d 184, 191 (2d Cir. 2008)). Rule 60(b) relief is available for, *inter alia*, the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Such relief is not available, however, "where the moving party seeks solely to relitigate an issue already decided." *Weiming Chen*, 595 F. App'x at 80 (quoting *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995)); *see also United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009) ("[A] Rule 60 motion 'may not be used as a substitute for appeal' and . . . a claim based on legal error alone is 'inadequate.'" (quoting *Matarese v. LeFevre*, 801 F.2d 98, 107 (2d Cir. 1986))).

**II.     Discussion**

Having reviewed the record and the parties' briefs, the Court concludes that Plaintiffs are not entitled to relief under either subsection of Rule 60.

First, to the extent that Plaintiffs rely on Rule 60(a), their failure to identify any clerical error in the Court's prior decisions is fatal to their motion. *See Weiming Chen*, 595 F. App'x at 80.

Second, Plaintiffs have not identified any "mistake, inadvertence, surprise, or excusable neglect; . . . or . . . any other reason that justifies relief" under Rule 60(b). Instead, Plaintiffs' motion amounts to a claim of legal error, which is not cognizable on a Rule 60(b) motion.

Like their brief in support of reconsideration (*see* Dkt. No. 241 at 3), Plaintiffs' Rule 60(b) argument centers on the meaning of footnote 19 of the Second Circuit's opinion in *Laurent v. PricewaterhouseCoopers LLP* ("*Laurent I*"), which states:

> 65 is not only (part of) the statutory default normal retirement age, but it is also the default normal retirement age under the plan. Since ERISA grants a private cause of action to enforce, *inter alia,* "the terms of the plan," PwC may be compelled to "act 'in accordance with the documents and instruments governing the plan' insofar as they accord with the statute."

794 F.3d 272, 289 n.19 (2d Cir. 2015) (internal citations omitted) (first quoting 29 U.S.C. § 1132(a)(3), then quoting *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 101 (2013)).

Based on this footnote, Plaintiffs' motion for reconsideration contended that the Court's conclusion that ERISA § 502(a)(3) does not authorize the relief Plaintiffs seek was inconsistent with the Second Circuit's mandate in *Laurent I*. The Court has now twice rejected Plaintiffs' argument that the Second Circuit already decided that a remedy was available under ERISA § 502(a)(3). (*See Laurent II*, 2017 WL 3142067, at *4; Dkt. No. 244 at 2.) In their Rule 60(b) motion, Plaintiffs' claim about the proper interpretation of footnote 19 is slightly weaker: Instead of arguing that the footnote *mandated* that the Court allow their suit to proceed under ERISA § 502(a)(3), they now argue that footnote 19 *permitted* this Court to "order Defendants to comply with the *lawful* terms of the Plan" under § 502(a)(3). (Dkt. No. 246 at 2 (alterations omitted)).

As the Court has previously explained, "[t]he Second Circuit expressly left 'to the district court'" the question of what, if any, remedy is available to Plaintiffs. (*Laurent II*, 2017 WL 3142067, at *4 (quoting *Laurent I*, 794 F.3d at 289).) The fact that footnote 19 contemplated

3

that § 502(a)(3) might afford Plaintiffs a remedy, however, does not justify relief under Rule 60(b), because the Court has already answered the question left open by the Second Circuit: Section 502(a)(3) of ERISA does not authorize the relief Plaintiffs seek—i.e., the recalculation of benefits. The Court cannot order recalculation of benefits under § 502(a)(3), regardless of whether such relief would require the Court to *replace* illegal Plan terms or, as Plaintiffs now argue, to determine whether the 30-year Treasury projection rate violated ERISA and then "*remand* to PwC . . . 'to act in accordance with the documents and instruments governing the plan insofar as they accord with the statute.'" (Dkt. No. 246 at 2 (emphasis added) (quoting *Laurent I*, 794 F.3d at 289 n.19).) As Defendants rightly point out, "the Plan does not contain any projection rate that Plaintiffs accept as 'lawful.'" (Dkt. No. 247 at 5.)

In short, the Court has twice concluded that § 502(a)(3) does not authorize Plaintiffs to pursue equitable relief in the form of recalculated benefits. At this point, the proper vehicle for challenging this conclusion is an appeal, rather than a motion under Rule 60.

### III. Conclusion

For the foregoing reasons, Plaintiffs' motion for clarification or modification is DENIED. The Clerk of Court is directed to close the motion at Docket Number 246.

SO ORDERED.

Dated: April 24, 2018
New York, New York

_____
J. PAUL OETKEN
United States District Judge