IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **TIMOTHY D. LAURENT,** *et al.*, | : |
| On behalf of themselves and all others similarly situated, | : |
| Plaintiffs, | : 06 CV 2280 (JPO) |
| v. | : |
| **PRICEWATERHOUSECOOPERS LLP,** *et al.*, | : |
| Defendants. | : |

## ORDER GRANTING PRELIMINARY APPROVAL OF THE PARTIES' CLASS ACTION SETTLEMENT AND APPROVING NOTICE TO THE CLASS

Pending before the Court is Plaintiffs' Motion for Preliminary Approval of the Settlement and Approving Notice to the Class in the above-captioned matter (the "Litigation"). The Court, having read and considered the Parties' Settlement Agreement ("Agreement") and the Exhibits thereto, and the (i) Motion for Preliminary Approval and Supporting Memorandum of Law; (ii) Mailed Notice; (ii) Publication Notice; and (iv) Proposed Final Order and Judgment, finds that substantial grounds exist for entering this Order for Preliminary Approval.

**IT IS HEREBY ORDERED THAT:**

1. The Court has jurisdiction over the subject matter of this Litigation, Plaintiff Timothy Laurent and Plaintiff Smeeta Sharon ("Plaintiffs"), Class Members, and Defendants pursuant to 29 U.S.C. § 1132(e).

2. To the extent not otherwise defined herein, all capitalized words, terms and phrases shall have the same meaning as used in the Agreement.

3. For purposes of the Settlement, and consistent with its prior certification order, *see* Dkt. 175, *Laurent v. PricewaterhouseCoopers, LLP*, 2014 WL 2893303 (S.D.N.Y. June 26, 2014), and its order granting partial summary judgment, Dkt. 276, *Laurent v. PricewaterhouseCoopers, LLP*, 06-CV-2280 (S.D.N.Y. September 30, 2021), the Court certifies the following non-opt-out Class, which is described as follows in the Agreement:

> All persons ("participants") who accrued benefits after June 30, 1994 under the Retirement Benefit Accumulation Plan for Employees of Price Waterhouse LLP or the Retirement Benefit Accumulation Plan for Employees of PricewaterhouseCoopers LLP, who held a Cash Balance Account and received (and/or whose alternate payees or whose beneficiaries or estates received) a lump sum payment under the Plan between March 23, 2000 and August 17, 2006 prior to such participants attaining age 65.

4. The proposed Settlement is hereby preliminarily approved. The Court finds the proposed Settlement, supported by counsel previously certified as adequate Class Counsel and achieved through arm's-length negotiations, is sufficiently fair, reasonable and adequate to receive preliminary approval and to proceed to a Fairness Hearing. Accordingly, notice thereof should be given to the Class Members.

5. The Court shall consider whether to give final approval to the Settlement at a hearing on <u>January 27, 2023, at 12:30 pm</u> (the "Fairness Hearing"), at 40 Foley Square, Courtroom 706. At the Fairness Hearing, the Court will consider (a) whether the proposed Settlement is fair, reasonable and adequate and should be given final approval; (b) the amount of Class Representative Service Awards to be paid to Plaintiffs; (c) the amount of attorneys' fees, costs, and expenses that should be awarded to Class Counsel pursuant to Rule 23(h) of the Federal Rules of Civil Procedure; (d) the amount of Settlement Administration Costs to be paid to Class Counsel; (e) any timely and proper objections to the Settlement or objections to Class Counsel's request for attorneys' fees, costs and

expenses, Class Representative Service Awards and Settlement Administration Costs; and (f) any other matters necessary or appropriate for the Court's consideration.

6. The Court finds that the forms of Mailed Notice and Publication Notice (collectively, the "Notices"), which are attached to the Agreement as Exhibits 3 and 4, and the plan for dissemination and publication of the Notices, are the best practicable, comply with the requirements of Rule 23 of the Federal Rules of Civil Procedure and with all requirements of due process, and are reasonably calculated under the facts of this Litigation to apprise Class Members of the proposed Settlement and of their right to object to and be heard regarding the Settlement and the request for Named Plaintiffs' Service Awards, attorneys' fees, costs and expenses for Class Counsel, and Settlement Administration Costs.

7. The Court appoints Continental DataLogix LLC as Notice Administrator. The Notice Administrator is directed to provide the Notices of the Settlement to Class Members in accordance with the provisions of the Agreement and this Order.

A. A Mailed Notice in the form of Exhibit 3 to the Agreement shall be mailed within thirty (30) days of the entry of this Order to the last known addresses of all Class Members, which addresses shall be updated by the Notice Administrator as set forth in the Agreement. The Notice Administrator shall engage in reasonable efforts as set forth in the Agreement to locate any Class Member whose Mailed Notice is returned and undeliverable and to make a second mailing to such Class Member.

B. The Publication Notice in the form found in Exhibit 4 to the Agreement shall be published in *USA Today* once within twenty (20) days of the entry of this Order, or as soon thereafter as possible.

C. The Notice Administrator shall file an Affidavit attesting to the satisfaction of the Notice requirements described in Paragraphs 6 and 7 of this Order on or before at least fourteen (14) days prior to the Fairness Hearing.

8. The Defendants presented this Court with Exhibit 5 to the Agreement, a form of notice under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, as well as a list of the state officers to be served. The Defendants shall serve the CAFA Notice on those individuals by mailing the CAFA Notice on or before ten (10) days of the entry of this Order. The Court finds that the Defendants, upon mailing of the CAFA Notice, will have complied with the notice requirements of CAFA.

9. By no later than forty-five (45) days prior to the Fairness Hearing, Class Counsel shall file an application for Named Plaintiffs' Service Awards, Class Counsel's attorneys' fees, costs and expenses, and Settlement Administration Costs (collectively referred to here as "the fee petition"), which application may be combined with Plaintiffs' motion for final approval of the Settlement. In the event the fee petition and final approval motion are filed simultaneously, any combined memorandum filed in support of both may be up to twice the length of a memorandum otherwise filed in accordance with the Court's Individual Rules and Practices in Civil Cases.

10. Class Counsel shall publish copies of the Agreement, the Mailed Notice, the Publication Notice, the application for Class Counsel's attorneys' fees, costs and expenses, Class Representative Service Awards, and Settlement Administration Costs on a website, www.laurentpensionclassaction.com, to be established by Class Counsel.

11. Any Class Member may appear at the Fairness Hearing, in person or through counsel, and be heard to the extent permitted by this Court in opposition to the fairness, reasonableness and adequacy of the Settlement, the Plan of Allocation, the application for an

award of Class Counsel's fees, costs and expenses, Class Representative Service Awards and Settlement Administration Costs.  However, unless excused by this Court, no Class Member shall be heard on any of these matters unless, on or before thirty (30) days prior to the Fairness Hearing such person files a written notice of objection, which shall include:  (a) the objector's full name and address and an appearance on behalf of any counsel representing the objector; (b) a notice of intention to appear in Court if the objector desires to appear and be heard; (c) a detailed statement of each objection asserted; (d) any documents and writings which such Class Member desires the Court to consider; and (e) a list of witnesses the person may call by live testimony.  Copies of such notice, statement, and documentation, together with any copies of any other papers or briefs filed with the Court, must be simultaneously delivered to the Class Counsel and Defense Counsel, received no later than thirty (30) days prior to the Fairness Hearing.  Any Class Member who does not object in the foregoing manner shall be deemed to have waived all objections and shall be foreclosed from making any objections to the Settlement as described above.

12. Class Counsel shall file memoranda in support of final approval of the Settlement no later than fourteen (14) days prior to the Fairness Hearing, and the Parties shall file responses to any objections, no later than seven (7) days prior to the Fairness Hearing.  Copies of all papers shall be served upon all persons or their counsel who file a valid and timely objection to the Settlement.

13. If the Parties agree in writing to any modifications of the Agreement before Court approval of the Agreement, the Court may approve the Agreement with such modifications and without further notice to the Class other than by announcement in open court or by order on the

Court's docket.  The Court may adjourn and/or reschedule the Fairness Hearing without further notice to the Class other than by announcement at the Fairness Hearing.

14. If the Court grants final approval to the Settlement, Class Members shall be bound by all the provisions of the Agreement and all determinations and judgments made pursuant to the Agreement, including the Final Order and Judgment dismissing the Litigation with prejudice. No Class Member may request exclusion from the Settlement.

15. Pending the final determination of whether the Settlement should be approved, Plaintiffs and each Class Member shall be enjoined from commencing or prosecuting, either directly or indirectly, any action in any other court concerning or relating to any of the Released Claims described in the Agreement.  Such injunction shall remain in force until such time as the Agreement has become null and void or the Court enters a Final Order and Judgment.

16. In the event that the Settlement does not become final in accordance with the terms of the Agreement, then this Preliminary Approval Order shall be rendered null and void and shall be vacated *nunc pro tunc* and the Litigation shall proceed, in those circumstances, as described in the Agreement.

17. If the Settlement is finally approved by the Court, the Court shall retain exclusive jurisdiction over Plaintiffs, Class Members, Defendants and the Litigation with respect to matters arising out of, or connected with, the Settlement, and may issue such orders as necessary to implement the terms of the Agreement.

**The stay of this case is hereby LIFTED.**

**The Clerk is directed to close ECF No. 291.**

**SO ORDERED.  10/31/2022**

_____
J. PAUL OETKEN
United States District Judge