UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIMOTHY D. LAURENT, *et al.*, <br><br> On behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> PRICEWATERHOUSECOOPERS LLP, *et al.*, <br><br> Defendants. | 06 CV 2280 (JPO) |

**FINAL ORDER AND JUDGMENT**

On October 31, 2022, this Court entered an order that granted preliminary approval of the Settlement and approved the form and manner of the Mailed Notice and Publication Notice (the "Preliminary Approval Order") to be provided to the Class. (ECF No. 300)

On January 27, 2023, the Court held a fairness hearing (the "Fairness Hearing"), for which the Class had been given appropriate notice. A full and fair opportunity to be heard was given to all persons who requested to be heard in accordance with the Preliminary Approval Order, the Mailed Notice, and the Publication Notice. Having considered the Parties' moving papers, the Settlement Agreement ("Agreement"), and all other evidence concerning the Motion for Final Approval of the Settlement, and this Court having been duly advised in the premises,

**IT IS HEREBY ORDERED AND ADJUDGED:**

1. The Court has jurisdiction over the subject matter of this Litigation, Plaintiffs, the Class Members, and Defendants pursuant to 29 U.S.C. § 1132(e).

2.	The Agreement, together with all of its exhibits (as filed with the Court), is incorporated in this Judgment, and to the extent not otherwise defined herein, all capitalized words, terms and phrases used in this Judgment shall have the same meaning as used in the Agreement.  The terms of the Agreement, including all exhibits to the Agreement, shall be forever binding on the Class Members.

3.	In the Preliminary Approval Order, and consistent with its prior certification, *see* ECF No. 175, *Laurent v. PricewaterhouseCoopers, LLP*, 2014 WL 2893303 (S.D.N.Y. June 26, 2014), and its order granting partial summary judgment, ECF No. 276, *Laurent v. PricewaterhouseCoopers, LLP*, 06-CV-2280 (S.D.N.Y. September 30, 2021), the Court certified the Class as a non-opt-out class action pursuant to Fed. R. Civ. P. 23 consisting of, as described in the Agreement:

> All persons ("participants") who accrued benefits after June 30, 1994 under the Retirement Benefit Accumulation Plan for Employees of Price Waterhouse LLP or the Retirement Benefit Accumulation Plan for Employees of PricewaterhouseCoopers LLP, who held a Cash Balance Account and received (and/or whose alternate payees or whose beneficiaries or estates received) a lump sum payment under the Plan between March 23, 2000 and August 17, 2006 prior to such participants attaining age 65.

4.	The Court determines that the Mailed Notice and Publication Notice (collectively, the "Notices"), that were provided to the Class Members as required by the Preliminary Approval Order constituted the best notice practicable under the circumstances and provided adequate notice to all Class Members.  The Notices complied with Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process clause).  The Notices were calculated under the facts of this Litigation to apprise Class Members of the proposed Settlement and of their right to object to and be heard regarding the Settlement and the

application for Class Counsel's attorneys' fees, costs and expenses, Named Plaintiffs' Service Awards, and Settlement Administration Costs.

5. The form and manner of the CAFA Notice provided by the Plan pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA") fully complied with CAFA.

6. In response to the Notices, no Class Members submitted timely objections to the Settlement. No objections were presented at the Fairness Hearing. .

7. After considering (i) whether the Agreement was a product of fraud or collusion; (ii) the complexity, expense, and likely duration of the Litigation; (iii) the stage of the proceedings and discovery conducted; (iv) the possible range of recovery and the difficulties of calculating damages; and (v) the respective opinions of the Plaintiffs, Class Counsel, Defendants and Defense Counsel, the Court finally approves the Agreement including, but not limited to, the Plan of Allocation, in all respects as fair, reasonable, adequate, and in the best interests of the Class Members pursuant to Fed. R. Civ. P. 23(e). No Class Member may opt out of the Settlement.

8. The Court finds that the requested Settlement Administration Costs in the amount of $125,000 is reasonable to carry out the terms of the Agreement, and the Court approves payment of these Settlement Administration Costs pursuant to the terms of the Agreement.

9. Class Counsel, previously appointed by this Court pursuant to Fed. R. Civ. P. 23(g), has sought an award of attorneys' fees, exclusive of costs and expenses, in an amount not to exceed one-third of the Total Settlement Amount.

10. Under *Goldberger v. Integrated Resources Inc.*, 209 F.3d 43 (2d Cir. 2000), "the traditional criteria in determining a reasonable common fund fee, includ[e]: (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of

the litigation; (4) the quality of representation; (5) the requested fee in relation to the [recovery]; and (6) public policy considerations." *Id*. at 50. The Court finds, consistent with "'a jealous regard to the rights of those who are interested in the fund,'" *id.* at 53, that all six *Goldberger* factors weigh in favor of a one-third award and Class Counsel's requested fee award is hereby approved.

11. The Court finds that the requested one-third fee is fair and reasonable in light of the following facts and circumstances:

(a) **Quality of Representation**. After lengthy, successful proceedings in the District Court including two partial summary judgments in the Class's favor, and two successful appeals in the Court of Appeals, Counsel achieved an exceptional recovery of the benefits that the Class could have reasonably expected to receive had the litigation continued and the Class prevailed through final judgment and appeal, against a formidable opponent represented by first-rate legal counsel;

(b) **Risk**. Counsel faced very high risks of non-recovery from the inception of the case through today, including very high merits risk, very high damage recovery risk, and high-class certification risk that could have easily resulted in zero recovery for the Class and Class Counsel—as is confirmed by the fact that this Court dismissed this case in its entirety with prejudice in 2017;

(c) **Scope and Magnitude**. The case was exceedingly difficult and complex and of considerable scope and extraordinarily long duration;

(d) **Time and Effort**. Class Counsel expended very significant time and resources in prosecuting this action, all with no guarantee of payment;

(e) **Awards in Other Cases**. The requested award compares favorably with awards in large ERISA and other class action cases where courts, including many within this Circuit, have awarded attorneys' fees that equal or exceed the one-third fee sought here, in circumstances that do not approach the efficacy and value that Class Counsel's tenacity and commitment—at great risk—created for the Class here;

(f) **Public Policy**. As a matter of public policy, the requested one-third fee will help ensure that counsel in future meritorious cases will not hesitate to be equally persistent and press forward as Class Counsel did here to achieve maximum recovery for their clients despite the complications, difficulties, and risk.

12. When a percentage-of-the-fund approach is used, the Court may also use a lodestar "cross-check" based on a summary of hours to test the reasonableness of the percentage. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 123 (2d Cir. 2005). Applying the lodestar method as a cross check, this Court finds that the fee Class Counsel seeks is reasonable. Based on Class Counsel's reported lodestar, the requested one-third award equates to an implied multiplier of 4.65 which is in line with implied multipliers approved in other comparable cases in this Circuit and elsewhere.

13. The Court finds that the $489,484.38 in requested out-of-pocket litigation expenses and costs incurred have been adequately documented, were reasonably incurred in connection with the prosecution of the action, and are reasonable for a case of this complexity, scope, and duration. Reimbursement of the requested amount is also hereby approved.

14. Plaintiffs Timothy Laurent and Smeeta Sharon, both of whom were deposed in this action, are awarded Class Representative Service Awards of $50,000 and $40,000, respectively, to be paid by Defendants pursuant to the terms of the Agreement. Based on the

representations and submission by Plaintiffs' counsel, the Court finds that the prospect of such awards were reasonably necessary to encourage Plaintiffs to serve, are well-deserved and are within the range of previous awards of this kind.

15.     The Released Claims, as defined in the Agreement, are released and discharged as of the Effective Date of the Settlement.  Further, Releasors are enjoined and barred from commencing or prosecuting, either directly or indirectly, any action in any other court concerning or relating to any of the Released Claims against any Released Party directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located.

16.     The Court recognizes that Defendants have denied and continue to deny Plaintiffs' and Class Members' claims.  Neither the Agreement, this Judgment, the Preliminary Approval Order, drafts of such orders, any papers related to the Settlement, nor the fact of Settlement shall be used as a finding or conclusion of the Court, or an admission of the Plan, or any other person, of any fault, omission, mistake, or liability, nor as evidence of Plaintiffs' lack of conviction in the validity or strength of their claims, and shall not be offered as evidence of any claimed liability in this or any other proceeding.  Evidence of the Agreement and the orders of this Court approving the same shall be admissible only in proceedings to enforce the Agreement or this Judgment, but not as an admission of liability in the underlying Litigation. The Final Order and Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Litigation.

17.     Except as otherwise provided in the Agreement and in this Final Order and Judgment, Plaintiffs and Class Members shall take nothing in this Litigation, and the Court

hereby dismisses the claims of Plaintiffs and Class Members against the Plan with prejudice and without costs.

18. Without affecting the finality of this Final Order and Judgment, the Court retains jurisdiction to implement, interpret, or enforce this Final Order and Judgment, the Preliminary Approval Order, and the Agreement.

19. In the event that the Settlement does not become final in accordance with the terms of the Agreement, then this Final Order and Judgment shall be rendered null and void and shall be vacated *nunc pro tunc* and the Litigation shall proceed, in those circumstances, as described in the Agreement.

20. This is a final and appealable judgment.

**The Clerk of Court is directed to close the motion at ECF No. 301, to enter this Judgment, and to mark this case as closed on the docket.**

SO ORDERED.

Dated: New York, New York
       January 27, 2023

_____
J. PAUL OETKEN
United States District Judge